IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUFUS TERRY MCDOUGALD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:22-CV-200-WHA-CSC |
| ) | [WO] |
| WARDEN & ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

*Pro se* Plaintiff Rufus McDougald, Jr. ["McDougald"], brings this 42 U.S.C. § 1983 Complaint against the Sheriff of Houston County, Donald Valenza. McDougald complains that jail guards are serving tomato trays, the kitchen staff is unaware of this conduct, and he cannot report this "emergency issue of trays with tomatoes in the food being served" because there is no "kitchen tab" on the jail kiosk. McDougald seeks injunctive relief and $1 billion in damages. Doc. 1 at 2–4.

### II.  DISCUSSION

Upon initiation of this case, McDougald filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  Doc. 2.  However, 28 U.S.C. § 1915(g) directs that a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

under imminent danger of serious physical injury."[1]  28 U.S.C. § 1915(g). Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).  "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status." *Id*.

Court records establish that McDougald, while incarcerated or detained, has on at least three or more occasions had civil actions or appeals dismissed as frivolous, as malicious, for failure to state a claim, and/or for asserting claims against defendants immune from suit under 28 U.S.C. § 1915.[2] The cases on which the Court relies in finding a § 1915(g) violation by McDougald include:  (1) *McDougald v. City of Enterprise Police of Coffee County,* Case No. 1:16-CV-802-MHT-GMB (M.D. Ala. 2017) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B)(i-iii)); (2) *McDougald v. City of Dothan Police Dept.,* Case No. 1:18-CV-699-WKW-GMB (M.D. Ala. 2018) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B)(i-ii)); and (3) *McDougald v. Woodall,* Case No. 1:18-748-

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  The Court further determined that the language of § 1915(g) makes it clear that the three strikes provision applies to claims dismissed prior to the effective date of the PLRA and, therefore, does not violate the Ex Post Facto Clause. *Id*. at 728-730; *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).  In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

[2]  This Court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)

WKW-GMB (M.D. Ala. 2018) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B)(i-ii)). The undersigned concludes these summary dismissals place McDougald in violation of 28 U.S.C. § 1915(g).

"General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." *Id*. (internal quotations omitted) (*citing Martin*, 319 F.3d at 1050; *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998)).

Since McDougald has three strikes, he may not proceed *in forma pauperis* in this case unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya*, 955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013)); *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014) (finding that, to meet the exception to application of § 1915(g)'s three strikes bar, the facts contained in the complaint must show that the plaintiff "was under 'imminent

3

danger of serious physical injury' at the time he filed this action."). General, vague, and unsupported allegations by an inmate regarding an unsafe environment or possible dangers attendant to his confinement in prison are therefore insufficient to invoke the exception to § 1915(g). *Niebla,* 2006 WL 2051307 at *2.

The undersigned has reviewed the Complaint and McDougald's generalized claims regarding food service at the Houston County Jail and his ability to inform jail staff specifically about such matters. The Complaint, however, fails to demonstrate McDougald "is under imminent danger of serious physical injury" as is required to meet the exception allowing circumvention of the directives contained in 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (observing the imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'"); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (holding that "[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). Consequently, McDougald is not entitled to proceed *in forma pauperis* in this matter due to his violation of the "three strikes" provision of 28 U.S.C. § 1915(g).

Based on the foregoing and McDougald's failure to pay the requisite filing and administrative fees upon initiation of this case, the undersigned concludes this case is due

to be summarily dismissed without prejudice. *Dupree*, 284 F.3d at 1236 (emphasis in original) (explaining that "the proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III.  CONCLUSION

For the above stated reasons, the undersigned Magistrate Judge RECOMMENDS that:

1.  Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be DENIED; and

2.  This case be DISMISSED without prejudice for Plaintiff's failure to pay the filing and administrative fees upon his initiation of this case.

It is ORDERED that **by May 19, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-

to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 5th day of May 2022.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE STATES